UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER V. GUIDRY III,<br>4317 San Mateo Street<br>North Las Vegas, NV 89032<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF<br>DEFENSE,<br>1400 Defense Pentagon,<br>Washington, DC 20301-1400<br><br>    Defendant. | Case No. _____ |

**COMPLAINT FOR JUDICIAL REVIEW AND DECLARATORY RELIEF**

**<u>INTRODUCTION</u>**

1. This is an action under the Administrative Procedures Act challenging the disability rating assigned to Peter Guidry, a former Senior Airman, by the Secretary of the Air Force, a branch of the Department of Defense.

2. When a military department determines that a member of the U.S. Armed Forces has one or more disabilities that make the member unfit for continued military service, the service member is normally separated from service with either (1) a lump-sum disability severance payment or (2) disability retirement status. The factor that determines which of these two entitlements the service member will receive is the combined disability rating assigned by the military department to the conditions that render the service member unfit for continued

service.  In assigning these disability ratings, the military departments are required to apply the disability rating criteria contained in the disability rating schedule of the U.S. Department of Veterans Affairs – known as the VA Schedule for Rating Disabilities (VASRD) (38 C.F.R. Part IV).  If the military department assigns the service member a combined disability rating of 20% or less, the service member is entitled to a lump-sum disability severance payment.  If the military department assigns the service member a combined disability rating of 30% or more, the service member is entitled to disability retirement status.  A disability retiree is entitled, among other things, to military health care (TRICARE) for the retiree and the retiree's spouse, and the retiree's minor children, as well as access to military bases and commissary privileges.

3. Congress passed the Dignified Treatment of Wounded Warriors Act in January 2008 to establish a new federal agency—the Physical Disability Board of Review ("PDBR")—in response to a report by a Department of Defense independent review group that examined conditions at Walter Reed Army Medical Center and National Naval Medical Center.  The report recommended, among other things, that "[t]he Under Secretary of Defense . . . conduct a quality assurance review [of] all . . . Disability Evaluation System decisions of 0, 10, or 20 percent disability . . . cases since 2001 to ensure consistency, fairness, and compliance with applicable regulations."  *See* Independent Review Group on Rehabilitative Care and Administrative Processes at Walter Reed Army Medical Center and National Naval Medical Center, Rebuilding the Trust at 32 (Apr. 2007).  At a 2007 joint congressional hearing that led to the Wounded Warriors Act, General James Terry Scott, the Chairman of the Veterans' Disability Benefits Commission, stated that the Commission's study concluded that the military departments frequently assigned lower disability ratings than did the VA to the same service member, for the same medical conditions, under the same disability rating criteria (the VASRD).  *See* Hearing to

Receive Testimony on the Department of Defense and Veterans Affairs Disability Rating Systems and the Transition of Service Members from the Department of Defense to the Department of Veterans Affairs, 110th Cong., 1st Sess. (April 12, 2007) at 103 ("2007 Hearing").  General Scott further stated that it is "apparent that DoD has strong incentive to assign ratings less than 30% so that only separation pay is required and continuing family health care is not provided."  *Id.* at 133.  During a Senate session concerning the Wounded Warriors Act, Senator Carl Levin acknowledged this ongoing problem and stated that "[t]he bill also establishes an independent board to review and, where appropriate, correct unjustifiably low Department of Defense disability ratings awarded since 2001."

      4.      As part of its review of the disability rating, the PDBR is required to strictly follow the VASRD.  The PDBR is precluded from utilizing any Department of Defense directive that conflicts with the VASRD in making its decision.  Under the VASRD, and in accordance with decisions from the Board of Veterans' Appeals and the U.S. Court of Appeals for Veterans Claims, the following three principles are well settled law:  (1) if a single disabled joint (like a knee) manifests multiple symptoms that are not duplicative or overlapping with each other, separate disability ratings should be assigned, so that if there is lateral instability, limitation of flexion, and limitation of extension in a single disabled knee, three separate disability ratings should be assigned; (2) if there is a disabled left knee and a disabled right knee, each knee should be assigned at least one separate disability rating; and (3) when more than one disability rating is assigned to a veteran, the veteran is assigned a combined rating according to the terms of Combined Rating Table, so that if a veteran is assigned three separate disability ratings each of which is 10%, the combined disability rating is 30%.  By not following the second of the three

basic principles of the VASRD discussed above, the PDBR denied Mr. Guidry the disability retirement that he is entitled to due to his faithful and honorable service to our country.

5.      This is an action for declaratory and injunctive relief concerning the denial of the application of Peter V. Guidry III ("Plaintiff") by the PDBR for an increase in the combined disability rating that had been assigned to him upon his separation from the United States Air Force ("Air Force").  Specifically, this action challenges the decision of the Office of the Secretary of the Air Force ("Secretary"), a branch of the Defendant Department of Defense, which adopted the PDBR determination that Plaintiff was entitled to a combined disability rating of only twenty percent, thereby depriving him of disability retirement status.  The Secretary's determination is contrary to Congress's stated intent in adopting 10 U.S.C. §§ 1201(a) and 1216a.  Plaintiff meets all of the requirements for eligibility under 10 U.S.C. § 1201(a), yet was denied a review consistent with the VASRD and with prior PDBR decisions, pursuant to which he should have been granted medical retirement.

6.      Prior to his medical separation from the Air Force, a Medical Evaluation Board ("MEB") found Plaintiff's injuries precluded his ability to accomplish his duties in his current career field and recommended retraining.  Both an Informal Physical Evaluation Board ("IPEB") report dated February 28, 2002, and a subsequent Formal Physical Evaluation Board ("FPEB") dated April 9, 2002, recommended that Plaintiff be found unfit and discharged with a combined twenty percent disability rating, consisting of one ten percent rating for his low back disability and one ten percent rating encompassing both the chronic patellofemoral syndrome in Plaintiff's left knee and the chronic patellofemoral syndrome in Plaintiff's right knee.  Plaintiff submitted a rebuttal to the FPEB's decision and argued, among other things, that each knee should have been assigned a separate ten percent rating, so that his combined disability rating would be thirty

percent, but the Secretary concluded that the FPEB recommendation was correct. Following his medical separation on July 29, 2002, Plaintiff filed a disability claim with the Department of Veterans Affairs ("VA") and underwent a physical examination on August 22, 2003. Based on Plaintiff's medical records and the examination, the VA assigned separate disability ratings of ten percent for each of Plaintiff's knee conditions, in addition to a ten percent disability rating for Plaintiff's low back pain and a ten percent disability rating for hypertension, for a combined disability rating of forty percent.

7. On July 9, 2014, Plaintiff filed a timely application with the PDBR for an increase in the combined disability rating he had been assigned by the Air Force. On April 13, 2016, the PDBR recommended no change in Plaintiff's combined disability rating. On May 8, 2016, the Secretary concluded that Plaintiff was not entitled to a combined disability rating of more than twenty percent.

8. As the PDBR found, the only criterion blocking Plaintiff from medical retirement eligibility is his combined disability rating. Plaintiff satisfies all of the other eligibility criteria for medical retirement because: throughout his service, Plaintiff was a member of a regular component of the armed forces entitled to basic pay; Plaintiff's disability is of a permanent nature and stable, it was not the result of his intentional misconduct or willful neglect, and it was not incurred during a period of unauthorized absence; Plaintiff suffered his injuries while, and as the proximate result of, performing active duty; and Plaintiff's disability, including injuries in both of his knees and in his back, merited a disability rating of at least thirty percent at the time of his separation. The Secretary's determination that Plaintiff did not merit a combined disability rating of at least thirty percent, and therefore is ineligible for medical retirement, is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with

law.  Plaintiff suffered a legal wrong because of that final agency action and was adversely affected or aggrieved by that agency action, and thus is entitled to judicial review under the Administrative Procedures Act ("APA").  5 U.S.C. § 702.

## JURISDICTION AND VENUE

9.      Jurisdiction in this Court is based on a federal question and is proper under 28 U.S.C. §§ 1331, 2201 and 2202.  Plaintiff seeks relief under the APA, 5 U.S.C. § 701 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  Venue is conferred on this Court under 28 U.S.C. § 1391(b)(1).

## PARTIES

10.     Plaintiff Peter V. Guidry III was a Senior Airman in the Air Force.  Plaintiff enlisted in the Air Force on active duty on March 20, 1996, and served honorably on active duty until July 29, 2002, when he was separated (with an honorable discharge) due to his medically unfitting conditions.  Plaintiff is a citizen of the United States and currently resides at 4317 San Mateo Street, North Las Vegas, Nevada 89032.

11.     Defendant United States Department of Defense ("DoD"), headquartered at 1400 Defense Pentagon, Washington D.C. 20301-1400, is a department of the Executive Branch of the United States Government.  The Secretary of the Air Force is the head of the Department of the Air Force, which is a branch of the DoD.  The PDBR is an organization within the Office of the Secretary of Defense, and Department of Defense Instruction (DoDI) 6040.44, dated July 2, 2015, governs the operation of the PDBR.  The DoD is an agency of the United States as defined by the APA, 5 U.S.C. § 701(b)(1), and falls within the scope of 28 U.S.C. § 1391.

**SUBSTANTIVE ALLEGATIONS**

12.     On March 20, 1996, Plaintiff enlisted in the Air Force.  Prior to enlistment, Plaintiff did not have any physical disabilities.

13.     Plaintiff served honorably on active duty in the Air Force from March 20, 1996 until July 29, 2002, when he was medically separated due to physical disability incurred during his service.  Plaintiff initially served as a Security Forces Journeyman for nearly four years, but then was cross-trained into Transportation as a Vehicle Maintenance Apprentice due to his physical disability.  Throughout his service, Plaintiff was a member of a regular component of the armed forces entitled to basic pay, and therefore is an eligible member under 10 U.S.C. § 1201(c), as required for medical retirement under 10 U.S.C. § 1201(a).

14.     During and due to his service, Plaintiff suffered service-related injuries resulting in chronic pain in each of his knees and in his back (Plaintiff's "injuries" or "disability").  As documented during his service and after his separation, Plaintiff suffered from chronic pain in each of his knees due to chronic patellofemoral syndrome in each knee dating back to at least December 1997, and chronic back pain dating back to at least November 1998.  Each of Plaintiff's injuries rendered him unable and unfit to perform his duties, as required for medical retirement under 10 U.S.C. § 1201(a).

15.     None of Plaintiff's injuries were noted at the time he commenced active duty; rather, they are the proximate result of his active duty service, and Plaintiff suffered his injuries while performing active duty.  Plaintiff's injuries were not the result of his intentional misconduct or willful neglect, nor were they incurred during a period of unauthorized absence.  Based upon accepted medical principles, his disabilities are stable and of a permanent nature and Plaintiff continues to experience pain from these injuries to this day.  Moreover, Plaintiff's

disabilities merited a combined rating of at least thirty percent, including a combined twenty percent rating for injuries to each of his knees, combined with a ten percent rating for his back, under the standard schedule of rating disabilities in use by the VA at the time of the determination.  Accordingly, Plaintiff has satisfied the required determinations of disability under 10 U.S.C. § 1201(b), and is entitled to medical retirement under 10 U.S.C. § 1201(a).

16. On January 8, 2002, a MEB was convened to evaluate Plaintiff's injuries.  The MEB collected Plaintiff's service-related medical history and conducted a medical evaluation of Plaintiff.  The MEB concluded that Plaintiff suffered from chronic patellofemoral syndrome in his each of his knees and low back pain, and then submitted a report with those findings to the IPEB.

17. On February 28, 2002, the IPEB concluded that Plaintiff's injuries were related to his service and that his "medical condition prevents him from reasonably performing the duties of his office, grade, rank, or rating."  The IPEB recommended that Plaintiff be discharged with a combined disability rating of twenty percent:  one ten percent rating for bilateral (*i.e.*, in both knees) chronic patellofemoral syndrome and one ten percent rating for low back pain.  Plaintiff requested reconsideration by the FPEB. On April 9, 2002, the FPEB affirmed the decision of the IPEB and recommended that Plaintiff be discharged with a combined disability rating of twenty percent.  On April 25, 2002, Plaintiff submitted a rebuttal to the FPEB's decision and argued that each of his knees were separate conditions that made him unfit for service and that he should be rated separately for each knee.  The Secretary disagreed with Plaintiff's position and affirmed the FPEB's decision in a discharge order dated June 3, 2002, and ordered that Plaintiff be discharged with a combined disability rating of twenty percent.

18. In October 2002, following his discharge, Plaintiff filed a disability claim with the VA. Although the VA and DoD are separate agencies, both are required to use the same rating schedule for disabilities. 10 U.S.C. § 1216a. Based on Plaintiff's Medical Service Records and a VA examination of Plaintiff, in November 2003, the VA confirmed that there was a connection between Plaintiff's injuries and his service in the Air Force. The VA assigned Plaintiff a combined disability rating of forty percent, reflecting separate ratings of ten percent for his left knee and ten percent for his right knee, a rating of ten percent for his lower back pain, and a rating of ten percent for hypertension.

19. On July 9, 2014, Plaintiff applied to the PDBR for review of the disability rating assigned to his unfitting conditions. Plaintiff requested that the PDBR recommend increasing his combined disability rating. Plaintiff maintained, among other things, that his knee injuries should be rated separately—ten percent for his left knee and ten percent for right knee—as required by the VASRD. On April 13, 2016, the PDBR did not recommend a change to Plaintiff's disability ratings. The PDBR did, however, recommend changing the diagnostic code for Plaintiff's knee injuries from code 5257 ("5257 is strictly a unilateral code and thus not appropriate in this case") to code 5099-5003 ("a change of code was appropriate as to reflect a bilateral condition"). On May 8, 2016, the Secretary adopted the PDBR's recommendations.

20. Federal law requires the Secretary and the PDBR to strictly follow the VASRD, including any interpretations of the VASRD by the United States Court of Appeals for Veterans Claims. 10 U.S.C. § 1216a; DoDI 6040.44, Enclosure 3, § 5. Service branches "may not deviate" from the VASRD except when the Secretary of Defense and the Secretary of the VA have jointly prescribed a deviation. 10 U.S.C. § 1216a; DoDI 6040.44, Enclosure 3, § 5. The

Secretary of Defense and the Secretary of the VA have not prescribed any deviation from the VASRD regarding Plaintiff's conditions here.

21. Both of Plaintiff's knees were equally damaged and found to be unfitting by the PEB. He received the same treatment for each of his knees, including fluid aspiration, steroid injections, and knee braces for each of his knees. Unfortunately, the treatment received by Plaintiff was unsuccessful. The damage to each knee alone made Plaintiff unfit for continued duty. The VASRD requires separate ratings for each condition. As a result, the Secretary's decision to simply adopt the recommendation of the PDBR and keep Plaintiff with a combined twenty percent disability rating—including only a ten percent rating for both knees—contradicts and incorrectly applies the VASRD in violation of 10 U.S.C. § 1216a and 38 C.F.R. § 4.25b. The Secretary's decision is therefore in violation of federal law and further is arbitrary and capricious, unsupported by substantial evidence, and an abuse of discretion.

22. Agencies and boards that apply the VASRD, such as the VA, PDBR and FPEB, evaluate and separately rate both knees when rating injuries similar to those suffered by Plaintiff. However, in Plaintiff's case the PDBR arbitrarily chose not to separately rate each knee even though the PDBR and FPEB determined that both knees made Plaintiff unfit for military service. Findings and Recommended Disposition of USAF Physical Evaluation Board, dated Apr. 9, 2002; PDBR Record of Proceedings, Case No. PD-2014-03351, dated Apr. 13, 2016. Instead, the PDBR rated both of Plaintiff's damaged knees as a single injury corresponding to a ten percent rating, instead of rating his damaged knees separately. This decision was in contradiction of not only the VASRD and applicable statutes, but in conflict with numerous PDBR decisions that assigned separate disability ratings to injuries to both knees in cases that are similar to Plaintiff's case in all relevant respects.

23. Had the Secretary properly applied the VASRD, made a decision consistent with previous PDBR proceedings, and not rated Plaintiff in an arbitrary and capricious manner, Plaintiff would have received a combined rating of thirty percent or greater, and would have been entitled to permanent disability medical retirement.

## COUNT I

### VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

24. Plaintiff Peter V. Guidry III hereby incorporates by reference the allegations set forth in paragraphs 1-23 above, as if fully set forth herein.

25. The Secretary's May 8, 2016 decision to adopt the PDBR's recommendation of no change in the disability rating for Plaintiff's unfitting conditions and to assign Plaintiff a twenty percent disability rating is subject to judicial review as a final "agency action" under the APA. 5 U.S.C. §§ 551(13), 701, 704; *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009) ("[I]t has become well established that judicial review of decisions of military correction boards is conducted under the APA."). Plaintiff's appeal to the PDBR was the final administrative option available to Plaintiff for review of his combined disability rating. Plaintiff has no further administrative remedies for challenging his erroneous combined disability rating. Plaintiff has made every attempt in good faith to resolve this conflict within the DoD itself, to no avail, and has exhausted all possible administrative remedies.

26. Under the APA, 5 U.S.C. § 706(2)(A), this Court is required to hold unlawful and set aside a final agency action that is arbitrary, capricious, unsupported by substantial evidence, an abuse of discretion or otherwise not in accordance with law. The Secretary's decision to assign, and later confirm, a twenty percent disability rating for Plaintiff was arbitrary, capricious, unsupported by substantial evidence, an abuse of discretion or otherwise not in accordance with

the law because it was not in accordance with 10 U.S.C. § 1216a, which requires the Secretary to strictly follow the VASRD, including any interpretations of the VASRD by the United States Court of Appeals for Veterans Claims, and therefore it was not in accordance with 10 U.S.C. § 1201(a), pursuant to which Plaintiff should have been granted medical retirement and was demonstrably inconsistent with the Secretary's decisions in other similar cases.  The Secretary's decision was arbitrary and capricious, unsupported by substantial evidence, and violated 10 U.S.C. §§ 1216a and 1201(a) by failing to correct Plaintiff's disability rating and separately rate each of Plaintiff's knees, as required by the VASRD, 38 C.F.R. 4.25(b) and 4.71a, and interpretations of the VASRD by the United States Court of Appeals for Veterans Claims.  As such, the Secretary's decision to assign Plaintiff a twenty percent disability rating and failure to rate Plaintiff's knees separately is unlawful under the APA, 5 U.S.C. § 706(2)(A), and must be set aside.

27.     The arbitrary and capricious nature of the Secretary's decision to bundle Plaintiff's pain and chronic patellofemoral syndrome in each knee as a single injury and assign a single ten percent disability rating for both of Plaintiff's knees is evident when compared to the rating provided by the VA.  Both the VA and the Secretary are required to apply the same VASRD.  10 U.S.C. § 1216a.  Unlike the Secretary, the VA correctly followed VASRD § 4.71a and separately rated Plaintiff's unfitting bilateral knee conditions as ten percent for the left knee and ten percent for the right knee.

28.     The arbitrary and capricious nature of the Secretary's decision is further evident in light of the Secretary's previous decisions, in which the PDBR recommended, and the Secretary adopted, separate disability ratings of ten percent for conditions similar to those

suffered by Plaintiff. In those cases, the PDBR recommended separate disability ratings for each knee suffering chronic knee pain.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Peter V. Guidry III, respectfully requests the Court to:

(A)     Find that the Secretary's decision of May 8, 2016, and the PDBR's April 13, 2016 decision, were arbitrary and capricious, unsupported by substantial evidence, and contrary to law and set aside that decision under 5 U.S.C. § 706(2)(A);

(B)     Order the Secretary to correct Plaintiff's military records to reflect a permanent disability retirement; and

(C)     Order such other and further relief the Court may deem just and proper.

Dated: November 2, 2018                    Respectfully submitted,

/s/ Daniel Meron

LATHAM & WATKINS
Daniel Meron (Bar No. 450419)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 637-2200
(202) 637-2201 (telecopy)
daniel.meron@lw.com

Darryl H. Steensma*
B. Thomas Watson*
Brendan Haberle*
Andrew Dane*
12670 High Bluff Dr.
San Diego, CA 92130

(858) 523-5400
(858) 523-5450 (fax)
darryl.steensma@lw.com

*Pro bono counsel appearance to be filed*

NATIONAL VETERANS LEGAL SERVICES PROGRAM
Barton F. Stichman
David Sonenshine
1600 K Street, NW, Suite 500
Washington, DC 20006
(202) 621-5677
bart@nvlsp.org
david@nvlsp.org